1

2

3

4

5

6

7

8

9          IN THE UNITED STATES DISTRICT COURT

10          FOR THE DISTRICT OF OREGON

11  RALPH NICKERSON,              )
                                  )
12              Plaintiff,        )
                                  )    No.  CV-08-217-HU
13        v.                      )
                                  )
14  THE PORTLAND POLICE BUREAU,   )
    The Police Agency for the     )
15  CITY OF Portland, Municipal    )    FINDINGS & RECOMMENDATION
    Corporation, PETER C. HART    )
16  PPB,                          )
                                  )
17              Defendant.        )
    ─────────────────────────────)

18

19  Ralph Nickerson
    5618 NE 10th Avenue
20  Portland, Oregon 97211

21        Plaintiff *Pro Se*

22  David A. Landrum
    DEPUTY CITY ATTORNEY
23  Office of City Attorney
    1221 S.W. Fourth Avenue, Room 430
24  Portland, Oregon 97204

25        Attorney for Defendant City of Portland

26  HUBEL, Magistrate Judge:

27        *Pro se* plaintiff Ralph Nickerson filed this action on February

28  22, 2008, and effected service on the City of Portland Police

1 - FINDINGS & RECOMMENDATION

1  Bureau on March 4, 2008 (dkt #3).  On March 24, 2008, the City of

2  Portland moved to dismiss the Complaint (dkt #4).   In response,

3  plaintiff filed a document captioned "Plaintiff Reply to DEFENDANTS

4  Motion to Dismiss," on April 7, 2008 (dkt #10).  On April 15, 2008,

5  the City of Portland filed a reply to plaintiff's April 7, 2008

6  filing (dkt #11).

7       Although plaintiff's April 7, 2008 filing is captioned a

8  "reply," it is obvious from the content of the document that the

9  filing is an Amended Complaint.  The document also bears a footer

10 which reads "Plaintiff amended complaint."  Thus, in an April 22,

11 2008 Order (dkt #12), I (1) construed plaintiff's April 7, 2008

12 filing as an Amended Complaint (dkt #10); (2) denied the motion to

13 dismiss the original Complaint as moot; (3) construed the City of

14 Portland's April 15, 2008 reply filing (dkt #11) as a motion to

15 dismiss directed at the Amended Complaint; and (4) gave plaintiff

16 time to respond to the merits of the City of Portland's arguments

17 directed at dismissing the Amended Complaint and gave the City of

18 Portland time to file a reply.

19      Accordingly, pending before the Court is the City of

20 Portland's motion to dismiss (dkt #11) the Amended Complaint (dkt

21 #10).  I recommend that the motion be granted.

                              BACKGROUND

23      I recite the facts as alleged in the Amended Complaint.

24 Plaintiff asserts that on February 22, 2006, he was driving a car

25 in the City of Portland and was followed by two City of Portland

26 police officers in a patrol car. Am. Compl. at ¶¶ 5, 6.  Plaintiff

27 pulled over to the curb to park his car. Id. at ¶ 5.  Immediately

28 after he parked, and exited the car, the police offers activated

2 - FINDINGS & RECOMMENDATION

1  their overhead lights on the patrol car.  Id. at ¶ 6.

2       Plaintiff alleges that he believed he had not broken any laws

3  and thus, he "expressed his resentment" at being stopped, detained,

4  and interrogated.  Id. at ¶ 7.  Plaintiff was then cited for

5  violating Oregon Revised Statute § (O.R.S.) 811.400 for failing to

6  properly signal before parking.  Id. at ¶ 8.  He was later

7  convicted of the violation and the Oregon Court of Appeals affirmed

8  his conviction without opinion.  Id.

9                              STANDARDS

10      On a motion to dismiss, the court must review the sufficiency

11  of the complaint.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

12  All allegations of material fact are taken as true and construed in

13  the light most favorable to the nonmoving party.  American Family

14  Ass'n, Inc. v. City & County of San Francisco, 277 F.3d 1114, 1120

15  (9th Cir. 2002).

16      In civil rights cases involving a plaintiff proceeding pro se,

17  this Court construes the pleadings liberally and affords the

18  plaintiff the benefit of any doubt.  McGuckin v. Smith, 974 F.2d

19  1050, 1055 (9th Cir. 1992), overruled on other grounds, WMX Tech.,

20  Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); Karim-Panahi

21  v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

22  Before dismissing a pro se civil rights complaint for failure to

23  state a claim, the court supplies the plaintiff with a statement of

24  the complaint's deficiencies.  McGuckin, 974 F.2d at 1055; Karim-

25  Panahi, 839 F.2d at 623-24.

26                             DISCUSSION

27      Although not artfully pleaded, a liberal reading of the

28  Amended Complaint suggests that plaintiff brings the following

3 - FINDINGS & RECOMMENDATION

claims:    (1)   a claim that O.R.S. 811.400 is unconstitutionally
vague; Am. Compl. at ¶ 4 ("plaintiff now ask[s] the Federal Court
to decide if [] ORS 811.400 is unconstitutionally vague[.]"); ¶ 9
("the directive is vague");

(2) a claim that O.R.S. 811.400 is an unconstitutional *ex post
facto* law; Am. Compl. at ¶ 4 ("plaintiff now ask[s] the Federal
Court to decide if [] ORS 811.400 is unconstitutionally . . . *ex
post facto*[.]"); ¶ 9 (suggesting that the imposition of the maximum
fine under O.R.S. 811.400 resulted in an *ex post facto* conviction);

(3) a claim that the City has a municipal policy of citing
persons  for  violating  O.R.S.  811.400  when  O.R.S.  811.375,  a
different statute, carrying a lesser maximum fine, would be more
appropriate; Am. Compl. at ¶ 9 ("the claim against the City of
Portland is that the municipal policy has a practice of assessing
ORS 811.400 when in cases such as here, ORS 811.375 is clearly more
appropriate"); and

(4)  a claim against individual defendant Portland Police
Officer Peter Hart for race discrimination based on plaintiff's
assertion that he received this citation because he is African-
American.  Am Compl. at ¶ 12 ("Officer Hart . . .issued a citation
. . . simply because of the plaintiff['s] race[.]").

In response to the City's motion to dismiss (which, as noted
above, was originally filed as a reply memorandum but which I
construe  as  a  motion  to  dismiss  directed  at  the  Amended
Complaint), on May 19, 2008, plaintiff filed a "Motion to Amend in
Response to Defendant City of Portland Motion to Dismiss" (dkt
#15).  I construe this filing as simply a response to the motion to
dismiss the Amended Complaint.  I do not consider the May 19, 2008

4 - FINDINGS & RECOMMENDATION

1   response by plaintiff as amending the complaint or as adding any
2   new claims.

3       Federal Rule of Civil Procedure 15(a) allows a party to amend
4   its pleading _once_ as a matter of course before being served with a
5   responsive pleading or within twenty days after serving the
6   pleading if a responsive pleading is not allowed and the action is
7   not yet on the trial calendar.  Fed. R. Civ. P. 15(a)(1).  In all
8   other cases, the party may amend only with the opposing party's
9   written consent or with leave of the Court.  Fed. R. Civ. P.
10  15(a)(2).

11      Here, plaintiff's April 7, 2008 filing, which was construed as
12  an Amended Complaint, was his one time amendment as a matter of
13  course under Rule 15(a).  Any subsequent amendments required
14  consent of defendants or leave of Court.  Because plaintiff fails
15  to demonstrate defendants' consent to the filing of what would be
16  a second amended complaint, and plaintiff has not sought or
17  obtained leave of Court for filing a second amended complaint, I
18  view plaintiff's May 19, 2008 filing only as a response to the
19  pending motion to dismiss the Amended Complaint.  I disregard any
20  allegations which attempt to assert new claims.

21      The City makes several arguments in support of its motion to
22  dismiss.  I address them in turn.

23      A.  Portland Police Bureau as a Defendant

24      The Amended Complaint names the Portland Police Bureau as a
25  defendant.  However, as judges in this Court have explained on more
26  than one occasion, "[t]he Portland Police Bureau is not a separate
27  entity from the City of Portland and is not amenable to suit.  It
28  is merely the vehicle through which the city fulfills its police

5 - FINDINGS & RECOMMENDATION

1  functions." <u>Nwerem v. City of Portland/Portland Police Bureau</u>, No.
2  CV-06-1054-MO, 2006 WL 3228775, at *2 n.1 (D. Or. Nov. 6, 2006);
3  <u>see also</u> <u>Haliburton v. City of Albany Police Dep't</u>, No. CV-04-6062-
4  KI, 2005 WL 2655416, at *2-3 (D. Or. Oct. 18, 2005) (dismissing all
5  claims against municipal police department absent showing that City
6  intended to create a separate legal entity when it formed the
7  police department).

8      I recommend that the City's motion to dismiss the Portland
9  Police Bureau as a defendant, be granted.    And, because, as
10 discussed below, plaintiff's claims are subject to dismissal, with
11 prejudice, even if a municipal defendant could be named in place of
12 the Portland Police Bureau, it is futile to allow plaintiff to
13 amend.

14     B.  Unconstitutionally Vague

15     It appears that plaintiff brings his unconstitutional
16 vagueness claim against the City.   However, O.R.S. 811.400 is a
17 state statute, not enacted by the City of Portland.    Mere
18 enforcement of a state statute is not, without more, a sufficient
19 basis for imposing section 1983 municipal liability. <u>See</u> <u>Surplus</u>
20 <u>Store & Exchange, Inc. v. City of Delphi</u>, 928 F.2d 788, 791-92 (7th
21 Cir. 1991) (without more, "policy" of enforcing state law "simply
22 cannot be sufficient to ground liability against a municipality").
23 Moreover, in his May 19, 2008 response, plaintiff concedes that the
24 City is not a proper defendant to his vagueness challenge.   Pltf's
25 May 19, 2008 Resp. at p. 6.

26     Even assuming that plaintiff could substitute another entity
27 or person as a defendant in this claim, it would be futile because
28 plaintiff's void for vagueness challenge fails to state a claim.

6 - FINDINGS & RECOMMENDATION

"[A] party challenging the facial validity of [a statute] on vagueness grounds outside the domain of the First Amendment must demonstrate that the enactment is impermissibly vague in all of its applications." Hotel & Motel Ass'n of Oakland v. City of Oakland, 344 F.3d 959, 972 (9th Cir.2003) (internal quotation omitted). "[T]he challenger must establish that no set of circumstances exists under which the [statute] would be valid." United States v. Salerno, 481 U.S. 739, 745 (1987).

"A statute is void for vagueness when it fails to give adequate notice to people of ordinary intelligence of what conduct is prohibited, or if it invites arbitrary and discriminatory enforcement." United States v. Hungerford, 465 F.3d 1113, 1117 (9th Cir. 2006) (internal quotation omitted), cert. denied, 127 S. Ct. 2249 (2007). "The notice test of vagueness looks at the 'very words' of the statute in question to determine whether the statutory language is sufficiently precise to provide comprehensible notice of the prohibited conduct. Anderson v. Morrow, 371 F.3d 1027, 1031-32 (9th Cir. 2004) (internal quotation omitted).

Additionally, "[v]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in light of the facts of the case at hand. . . . One to whose conduct a statute clearly applies may not successfully challenge it for vagueness." Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495 n. 7 (1982) (citations and internal quotations omitted). Thus, "if the statute is constitutional as applied to the individual asserting the challenge, the statute is facially valid." United States v. Dang, 488 F.3d 1135, 1141 (9th Cir.

7 - FINDINGS & RECOMMENDATION

1    2007), <u>cert. denied</u>, 128 S. Ct. 1288 (2008).

2         "Whether a [statute] is unconstitutionally vague is a question

3    of law[.]" <u>United States v. Erickson</u>, 75 F.3d 470, 475 (9th Cir.

4    1996).  Questions of law may be resolved on a motion to dismiss.

5    <u>See</u> <u>Knievel v. ESPN</u>, 393 F.3d 1068, 1072-73 (9th Cir. 2005)

6    (appropriate for district court to determine issue of law in

7    defamation claim, on motion to dismiss); <u>Reagan v. Bredesen</u>, No.

8    3:07-CV-199, 2008 WL 901496, at *2 (E.D. Tenn. Mar. 3, 2008)

9    (analyzing whether law was void for vagueness in context of a

10   motion to dismiss); <u>Planned Parenthood of Columbia/Willamette, Inc.</u>

11   <u>v. American Coalition of Life Activists</u>, 945 F. Supp. 1355, 1378-79

12   (D. Or. 1996) (same).

13        O.R.S. 811.400 provides as follows:

14        (1) A person commits the offense of failure to use an
          appropriate signal for a turn, lane change or stop or for
15        an exit from a roundabout if the person does not make the
          appropriate signal under ORS 811.395 by use of signal
16        lamps or hand signals and the person is operating a
          vehicle that is:
17
18             (a) Turning, changing lanes, stopping or suddenly
               decelerating; or

19             (b) Exiting from any position within a roundabout.

20        (2) This section does not authorize the use of only hand
          signals to signal a turn, change of lane, stop or
21        deceleration when the use of signal lights is required
          under ORS 811.405.
22
23        (3) The offense described in this section, failure to use
          appropriate signal for a turn, lane change or stop or for
24        an exit from a roundabout, is a Class B traffic
          violation.

25   O.R.S. 811.400.

26        Based on the plain language of the statute, it is not

27   unconstitutionally vague.  Ordinary people can understand its

28   meaning - the statute requires the use of an appropriate signal

8 - FINDINGS & RECOMMENDATION

when making a turn, moving from one lane to another, stopping, or exiting a roundabout.

Moreover, here, according to the Amended Complaint, plaintiff moved his car from a moving lane of traffic to the parking lane. Am. Compl. at ¶ 5 (alleging that after accelerating to a reasonable speed, he moved the car from left to right and pulled to the curb to park). He does not allege that he used a signal, as required by O.R.S. 811.400. See State v. Thomas, 104 Or. App. 126, 129-130, 799 P.2d 208, 210 (1990) ("duty to signal before making a lane change under ORS 811.400(1) attaches when a driver moves from an on-street parking lane into the traffic lane."). As such, the statute clearly applies to his conduct. He was convicted of the traffic offense and his conviction was affirmed on appeal. Am. Compl. at ¶ 8.

Plaintiff's "void for vagueness" challenge should be dismissed with prejudice. The statute is not unconstitutionally vague because people of ordinary intelligence can understand its meaning, it proscribes only certain, limited conduct and therefore, does not invite arbitrary and discriminatory enforcement, and plaintiff engaged in conduct prohibited by the challenged statute.

C.  Ex Post Facto

The precise nature of plaintiff's "*ex post facto*" claim is unclear. He states that he "ask[s] the Federal Court to decide if [] ORS 811.400 is unconstitutionally . . . ex post facto" where he was convicted for conduct which he contends is also regulated by a separate statute carrying a "lesser penalty and superior defense." Am. Compl. at ¶ 4. He later asserts that his conviction under O.R.S. 811.400 is "*ex post facto*" because his acts were innocent.

Id. at ¶ 9.

In his May 19, 2008 response, plaintiff concedes his *ex post facto* claim. Pltf's May 19, 2008 Resp. at p. 7. This claim should be dismissed with prejudice.

D.  Municipal Liability Claim

In this claim, plaintiff asserts that the City of Portland maintains an unlawful policy of citing citizens for violating O.R.S. 811.400 when O.R.S. 811.375, carrying a lesser fine, is more appropriate. Am. Compl. at ¶ 9. It appears that plaintiff contends this policy violates the *Ex Post Facto* Clause. Id. It is unclear whether he concedes this municipal *ex post facto* claim in his May 19, 2008 Response.

The problem with plaintiff's argument here, even assuming it states a claim in all other respects, is that the two statutes regulate different conduct and thus, the two statutes do not allow for discretionary enforcement at all, much less encourage a policy of discretionary enforcement that is somehow unconstitutional.

O.R.S. 811.400 is quoted above. O.R.S. 811.375 is entitled "Unlawful or unsignaled change of lane; penalty." It provides:

> (1) A person commits the offense of unlawful or unsignaled change of lanes if the person is operating a vehicle upon a highway and the person changes lanes by moving to the right or left upon the highway when:
>
> (a) The movement cannot be made with reasonable safety;
>
> (b) The driver fails to give an appropriate signal continuously during not less than the last 100 feet traveled by the vehicle before changing lanes.
>
> (2) Appropriate signals for use while changing lanes are designated as under ORS 811.395 and 811.400.
>
> (3) The offense described in this section, unlawful or unsignaled change of lane, is a Class D traffic

10 - FINDINGS & RECOMMENDATION

1     violation.

2  O.R.S. 811.375.

3     Plaintiff contends that O.R.S. 811.375 provides that a signal

4  when changing lanes is not necessary when the lane change may be

5  made with reasonable safety.  Am. Compl. at ¶ 9 ("ORS 811.375 also

6  includes reasonable safety as a criteria"; further suggesting that

7  by citing plaintiff under O.R.S. 811.400 and not O.R.S. 811.375,

8  the City "depriv[ed] the plaintiff of a defense" of changing lanes

9  with reasonable safety.).

10    The plain language of the statute refutes plaintiff's

11 argument.  The statute first provides that it is unlawful to change

12 lanes by moving to the right or left, when such movement cannot be

13 made with reasonable safety.  O.R.S. 811.375(1)(a).  This part of

14 the statute applies whether or not the driver has appropriately

15 signaled.  The conduct regulated in subsection (1)(a) is an unsafe

16 lane change, regardless of the use of a signal.  Thus, plaintiff

17 errs when he contends that the City maintains a policy of citing to

18 a statute which deprives drivers of a "reasonable safety" defense.

19 The "reasonable safety" language in subsection (1)(a) is not a

20 defense and the provision bears no relation to signaling.

21    Second, subsection (1)(b) governs the length of time the

22 signal should be activated before commencing the lane change.

23 Here, a driver who signals, but only immediately preceding the lane

24 change, could still violate the statute.  Thus, O.R.S.

25 811.375(1)(b) and O.R.S. 811.400(1) do not necessarily overlap.

26    I recommend that plaintiff's municipal liability claim be

27 dismissed with prejudice.

28 / / /

11 - FINDINGS & RECOMMENDATION

1        E.   Racial Discrimination Claim

2        As indicated above, plaintiff contends that Officer Hart

3   followed him and then cited him for the traffic violation because

4   of plaintiff's race.  Although plaintiff does not articulate the

5   precise constitutional basis for his claim, I construe his

6   allegations to assert a claim that he was treated differently

7   because of his race in violation of the Equal Protection Clause of

8   the Fourteenth Amendment.

9        The City argues that the claim must be dismissed (1) under

10  Heck v. Humphrey, 512 U.S. 477 (1994); (2) under the Rooker-Feldman

11  doctrine; or (3) because the officer had probable cause for the

12  traffic stop and thus, his subjective intent is irrelevant.   I

13  reject all of these arguments.  However, I agree with the City that

14  plaintiff cannot add Officer Hart as a party in his Amended

15  Complaint because it is untimely.

16        1.   Heck

17        Generally, Heck directs lower courts to consider whether a

18  judgment in favor of a plaintiff in a section 1983 action "would

19  necessarily imply the invalidity of his conviction or sentence[.]"

20  Id. at 487.  If it would, the section 1983 action must be dismissed

21  unless the plaintiff can prove that the "conviction or sentence has

22  been reversed on direct appeal, expunged by executive order,

23  declared invalid by a state tribunal . . ., or called into question

24  by a federal court's issuance of a writ of habeas corpus, 28 U.S.C.

25  2254."  Id. at 486-87.

26        Assuming that a successful Fourteenth Amendment racial

27  discrimination claim would otherwise be barred by Heck because it

28  necessarily implies the invalidity of plaintiff's conviction, but

12 - FINDINGS & RECOMMENDATION

1  see Clarke v. New Jersey State Police, No. 03-3240 (SRC), 2007 WL
2  4554254, at *5-6 (D.N.J. Dec. 20, 2007) (Heck inapplicable to
3  allegations of unconstitutional racial profiling), Heck is not
4  applicable here because plaintiff has never been incarcerated as a
5  result of his traffic conviction.  Under relevant Ninth Circuit
6  law, if federal habeas relief is not available to the section 1983
7  plaintiff, Heck does not apply.

8      In Nonnette v. Small, 316 F.3d 872 (9th Cir. 2002), the
9  plaintiff brought a section 1983 action challenging the revocation
10  of good-time credits and the imposition of administrative
11  segregation following a prison disciplinary proceeding.  The
12  district court dismissed the case based on Heck.  But, by the time
13  the plaintiff's appeal was heard by the Ninth Circuit, the
14  plaintiff had been released from prison and was on parole.

15      On appeal, the Ninth Circuit noted that as a result of his
16  release, any federal habeas challenge to the disciplinary
17  proceedings would be dismissed as moot, as plaintiff had "fully
18  served the period of incarceration that he is attacking." Id. at
19  875-76.  Although a prisoner who has completed a sentence and seeks
20  to challenge his or her conviction in habeas may do so because of
21  the "collateral consequences that survive [the prisoner's]
22  release," habeas is not available to former prisoners who attack a
23  deprivation of good-time credits because such former prisoners,
24  like those former prisoners who challenge a term of incarceration
25  for a parole violation, have no collateral consequences stemming
26  from the challenged action. Id. (citing Spencer v. Kemna, 523 U.S.
27  1, 14-16, 18 (1998)).

28      The Ninth Circuit then inquired whether the unavailability of

13 - FINDINGS & RECOMMENDATION

a remedy in habeas corpus because of mootness permitted the plaintiff to maintain a section 1983 action for damages, even though success in that action would imply the invalidity of a disciplinary proceedings that caused the revocation of the good-time credits. Id. at 876. Analyzing Heck and Spencer, the court concluded that the plaintiff could maintain the action. Id. at 877. Otherwise, "the convict given a fine alone . . . would always be ineligible for § 1983 relief." Spencer, 523 U.S. at 21, n.* (Souter, J., concurring).

As the Ninth Circuit subsequently explained:

> Nonnette was founded on the unfairness of barring a plaintiff's potentially legitimate constitutional claims when the individual immediately pursued relief after the incident giving rise to those claims and could not seek habeas relief only because of the shortness of his prison sentence.

Guerrero v. Gates, 442 F.3d 697, 705 (9th Cir. 2006)[1]; see also Cole v. Doe 1 Thru 2 Officers of the City of Emeryville Police Dep't, 387 F. Supp. 2d 1084, 1092 (N.D. Cal. 2005) ("[u]nder Ninth Circuit law, . . ., where habeas is not available through no fault of the plaintiff, Heck does not bar a § 1983 claim.").

Here, the allegations in the Amended Complaint indicate that

---

[1] Guerrero underscores the need to examine why habeas relief is unavailable to a section 1983 plaintiff whose claim would, if successful, necessarily invalidate an underlying conviction. As the Guerrero court explained, if habeas relief is unavailable because of a plaintiff's failure to timely pursue habeas remedies, Heck will still bar the section 1983 claim. 442 F.3d at 704-05 (refusing to "extend the relaxation of Heck's requirements" when failure to timely achieve habeas relief was self-imposed); see also Cunningham v. Gates, 312 F.3d 1148 (9th Cir. 2002) (Heck applied to claim brought by plaintiff, still in prison, because plaintiff let time to file habeas petition, expire). The facts in the instant case are analogous to those in Nonnette, not Guerrero or Cunningham.

14 - FINDINGS & RECOMMENDATION

plaintiff was fined upon conviction of the traffic offense for which Officer Hart cited him, but he was never incarcerated. Thus, he has no habeas remedy available to him. Moreover, the unavailability of habeas is not related to a lack of diligence on plaintiff's part. With no habeas remedy available, and no allegations of any collateral consequences stemming from a traffic conviction, Heck does not bar plaintiff's section 1983 equal protection claim. Mendoza v. Meisel, No. 07-4627, 2008 WL 726860, at *1 (3d Cir. Mar. 19, 2008) (when plaintiff was never incarcerated or otherwise in custody, federal habeas relief was never available and, therefore, Heck cannot apply)

              2.   Rooker-Feldman

     Under Rooker-Feldman, lower federal courts lack subject matter jurisdiction to conduct appellate review of state court proceedings. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fideltiy Trust Co., 263 U.S. 413, 416 (1923). Rooker-Feldman clearly bars a claim which seeks the "undoing of the prior state court judgment[.]" Bianchi v. Rylaarsdam, 334 F.3d 895, 900 (9th Cir. 2003). Thus, Rooker-Feldman would have applied to plaintiff's claim, raised in the original Complaint, that his conviction should be overturned.

     Plaintiff's Amended Complaint does not, however, seek to overturn his conviction. Rather, he seeks only damages. But, Rooker-Feldman applies not only to claims actually raised before the state court, but also to claims that are "inextricably intertwined" with state court determinations. Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003). Defendant contends that the race discrimination allegation against Officer Hart is "inextricably

15 - FINDINGS & RECOMMENDATION

1  intertwined" with the traffic offense conviction and thus, under
2  Rooker-Feldman, this court lacks jurisdiction over the race
3  discrimination claim.

4      I disagree.  A recent case from the Middle District of
5  Pennsylvania concluded that a racial discrimination claim directed
6  at local police officials was not subject to dismissal under
7  Rooker-Feldman because the claim was not a de facto attack on the
8  state court judgment of conviction.  Rose v. Mahoning Township, No.
9  3:07cv1305, 2008 WL 918514, at *6  (M.D. Pa. Mar. 31, 2008).
10 There, the court explained that

11         [P]laintiff's claim[] of constitutional violation of
           racial discrimination/racial profiling, is not the
12         equivalent to an appeal of a final state court judgment.
           In order to prevail on an equal protection claim in the
13         racial profiling context, plaintiff must establish that
           he is a member of a protected class and similarly
14         situated to others not within the protected class who
           were not prosecuted. . . . Thus, plaintiff does not have
15         to establish that he was innocent of the underlying
           charge, or that the state court judgment was invalid, but
16         merely that others similarly situated, but not within the
           protected class, were not prosecuted.
17
   Id. (citation omitted).
18
       While Rose is not binding on this Court, I agree with its
19
   assessment of the relationship between the race discrimination
20
   claim and the underlying conviction.  The injury at issue in
21
   plaintiff's race discrimination claim is best described as the
22
   sting from being targeted by the police based solely on one's race.
23
   The injury does not depend on plaintiff's guilt or innocence.
24
   Thus, the injury does not stem from the state court judgment and as
25
   such, Rooker-Feldman does not require dismissal of the claim.
26
           3.  Probable Cause
27
       The City argues that because Officer Hart had probable cause
28

16 - FINDINGS & RECOMMENDATION

1  to cite plaintiff for violating O.R.S. 811.400, his subjective
2  motivation, even if based on race, is irrelevant.  Tatum v. City &
3  County of San Francisco, 441 F.3d 1090, 1094 (9th Cir. 2006) ("If
4  the facts known to an arresting officer are sufficient to create
5  probable cause, the arrest is lawful, regardless of the officer's
6  subjective reasons for it.").

7       The problem with the City's argument here is that it is
8  directed toward a Fourth Amendment claim, not a Fourteenth
9  Amendment claim.  Plaintiff's race discrimination claim does not
10  contend there was no probable cause for the citation.  Rather, he
11  states that Officer Hart followed him and cited him because of his
12  race.

13       In Whren v. United States, 517 U.S. 806, 813 (1996), the
14  Supreme Court held that consistent with the Fourth Amendment,
15  police can temporarily detain a motorist when they have probable
16  cause to believe that he violated a traffic ordinance, even if the
17  police have some other motivation to stop the motorist.  But, the
18  Whren Court made clear that the right to equal protection may be
19  violated even if the actions of the police are acceptable under the
20  Fourth Amendment.  Id.  The Court noted that "the Constitution
21  prohibits selective enforcement of the law based on considerations
22  such as race.  But the constitutional basis for objecting to
23  intentionally discriminatory application of laws is the Equal
24  Protection Clause, not the Fourth Amendment."  Id.; see also Gibson
25  v. Superintendent of New Jersey Dep't of Law & Public Safety, 411
26  F.3d 427, 440 (3d Cir. 2005) ("the fact that there was no Fourth
27  Amendment violation does not mean that one was not discriminatorily
28  selected for enforcement of a law.  Plaintiffs' equal protection

17 - FINDINGS & RECOMMENDATION

claims under the Fourteenth Amendment require a wholly separate analysis from their claims under the Fourth Amendment.") (internal quotation omitted); United States v. Avery, 137 F.3d 343, 352 (6th Cir. 1997) ("the Equal Protection Clause of the Fourteenth Amendment provides citizens a degree of protection independent of the Fourth Amendment protection against unreasonable searches and seizures.").

The City's argument that the race discrimination claim should be dismissed because Officer Hart had probable cause, is misplaced.

### 4.  Hart as a Party

As noted above, plaintiff filed the original Complaint in this case on February 22, 2008.  He named "State of Oregon, City of Portland Police Bureau" as defendants.  Although Officer Hart is mentioned in the factual allegations and in connection with what I construe as the racial discrimination claim, he is not named in the caption of the original Complaint.

The Amended Complaint was filed on April 7, 2008.  It names "Peter C. Hart PPB" as a defendant.

Both the original Complaint and the Amended Complaint assert that the events at issue occurred on February 22, 2006, two years before the original Complaint was filed.

The statute of limitations for filing a section 1983 action is determined by the forum state's statute of limitations for personal injury actions.  Knox v. Davis, 260 F.3d 1009, 1012-13 (9th Cir. 2001) (citing Wilson v. Garcia, 471 U.S. 261, 276 (1985)).  Under Oregon law, the statute of limitations for a personal injury action is two years.  O.R.S. 12.110(1); see also Sain v. City of Bend, 309 F.3d 1134, 1139 (9th Cir. 2002) (appropriate statute of limitations

18 - FINDINGS & RECOMMENDATION

1   for section 1983 claims in Oregon is the two-year period in O.R.S.
2   12.110).

3        For the reasons explained in <u>Young v. City of Portland</u>, No.
4   CV-04-1818-HU, Findings & Recommendation at pp. 4-14 (D. Or. June
5   9, 2005), adopted by Judge Haggerty (D. Or. July 27, 2005), Hart,
6   despite being mentioned in the allegations of the original
7   Complaint, was not a party until being named in the caption of the
8   Amended Complaint on April 7, 2008.

9        April 7, 2008 is more than two years following the February
10  22, 2006 incident.  Thus, to maintain a claim against Hart,
11  plaintiff must show that the addition of Hart as a defendant
12  relates back to the filing of the original Complaint.

13       Federal Rule of Civil Procedure 15(c) allows an amendment
14  adding a party to relate back to the date of the original pleading
15  if, within the 120-day period for service provided by Rule 4(m),
16  the party to be brought in by amendment has received notice of the
17  institution of the action such that the party is not prejudiced in
18  maintaining a defense on the merits, and knew or should have known
19  that but for a mistake concerning the identity of the proper party,
20  the action would have been brought against the party.  Fed. R. Civ.
21  P. 15(c).

22       In <u>Young</u>, I noted that some Ninth Circuit cases suggested that
23  the relation back provisions of state law, not Rule 15(c), govern
24  a federal cause of action pursuant to section 1983.  <u>Young</u>,
25  Findings & Rec. at p. 15.  I concluded that regardless of whether
26  Rule 15(c), or Oregon Rule of Civil Procedure 23C governed, the
27  attempt to add the new defendant in <u>Young</u> was prohibited because
28  there was no mistake concerning the identity of the proper party,

19 - FINDINGS & RECOMMENDATION

1  a  requirement  under  either  state  or  federal  relation  back

2  provisions.  Id. at pp. 17-19.

3       Since that decision, at least two judges in this Court have

4  concluded that Federal Rule 15(c) applies to section 1983 actions,

5  notwithstanding the suggestion in earlier Ninth Circuit cases that

6  the  state  relation  back  provision  applies.   In  Phillips  v.

7  Multnomah County, No. CV-05-105-CL, 2007 WL 915173, at *2-7,

8  Opinion & Order (D. Or. Mar. 23, 2007), Judge Panner thoroughly

9  discussed the issue.  Judge King adopted Judge Panner's reasoning

10  and conclusion in an October 2007 opinion.   Duncan v. State of

11  Oregon, No. CV-05-1747-KI, Opinion & Order at pp. 4-5 (D. Or. Oct.

12  4, 2007).

13       Judge Panner's decision in Phillips is persuasive and I follow

14  it here.  Accordingly, as indicated above, the addition of Hart

15  will relate back to the original Complaint if, within the 120 days

16  allowed for service under Rule 4(m), Hart has received notice of

17  the institution of the action and knew or should have known that

18  but for a mistake concerning his identity, the action would have

19  been brought against him originally.

20       Plaintiff cannot establish the latter requirement.  Assuming

21  that Hart has received notice of the action, or will within the 120

22  day limit, a mistake under Rule 15(c) does not include accidentally

23  failing to name a defendant in the caption of a complaint where the

24  existence and name of the defendant are known to the plaintiff.

25  E.g., Garvin v. City of Philadelphia, 354 F.3d. 215, 221-22 (3d

26  Cir. 2003) ("an amended complaint will not relate back if the

27  plaintiff had been aware of the identity of the newly named parties

28  when she filed her original complaint and simply chose not to sue

20 - FINDINGS & RECOMMENDATION

them at that time."); Malesko v. Correctional Servs. Corp., 229
F.3d 374, 383 (2d Cir. 2000) (finding no "mistake" within Rule
15(c)(3)(B) when the plaintiff knew that he was required to name an
individual as a defendant, but did not do so), rev'd on other
grounds, 534 U.S. 61 (2001); Laboy v. Doe, No. Civ.A.02-248 JJF,
2004 WL 2980731, at *2 (D. Del. Dec. 17, 2004) (when record showed
that the plaintiff had knowledge of the particular defendant when
original complaint was filed, but did not name that defendant in
the original complaint, plaintiff failed to show omission was a
"mistake" within the meaning of Rule 15(c)); Mailey v. SEPTA, 204
F.R.D. 273, 276 (E.D. Pa. 2001) (Rule 15(c)(3)(B) "does not apply
when a plaintiff simply omits from the original complaint a
separate, unrelated party, regardless of whether the omission was
unintentional.").

Here, the fact that plaintiff mentioned Officer Hart in the
original Complaint indicates that he had knowledge of Hart's
identity and actions at the time he filed it. As defendants note,
plaintiff was certainly aware of Hart's identity from at least the
time of the trial on his citation. Exh. 1 to Defts' Mem. in
Support of Mtn to Dismiss (dkt #5). Thus, plaintiff cannot have
failed to name Officer Hart within the limitations period as a
result of a mistake as to Officer Hart's identity. As a result,
because the applicable limitations period had expired at the time
plaintiff first named Hart in the Amended Complaint on April 7,
2008, and because there is no relation back under Rule 15(c),
plaintiff's race discrimination claim against Hart must be

dismissed with prejudice.[2]

CONCLUSION

Defendant City of Portland's motion to dismiss (#11), should be granted.  Plaintiff's claims should be dismissed with prejudice.

SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review.  Objections, if any, are due September 8, 2008.  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due September 22, 2008, and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this __22nd__ day of _August_____, 2008.


_/s/ Dennis James Hubel_____
Dennis James Hubel
United States Magistrate Judge

---

[2] I note that as in _Young_, this would be the result whether I followed Rule 15(c)'s relation back provision or Oregon's Rule 23C relation back provision because both contain the "mistaken identity" requirement.

22 - FINDINGS & RECOMMENDATION