FILED'08 SEP 30 15:03 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

RALPH NICKERSON, )
)
              Plaintiff, )   Civil Case No. 08-217-HU
)
vs. )   ORDER
)
THE PORTLAND POLICE BUREAU, )
The Police Agency for the CITY OF )
PORTLAND, Municipal Corporation, )
PETER C. HART, PPB, )
)
             Defendants. )
)

Ralph Nickerson
7607 N Emerald Ave.
Portland, Oregon 97217-6109

    Pro Se Plaintiff

David A. Landrum
Deputy City Attorney
Office of City Attorney
1221 S. W. Fourth Avenue, Room 430
Portland, Oregon 97204

    Attorney for Defendant City of Portland

Page 1 - ORDER

KING, Judge:

The Honorable Dennis Hubel, United States Magistrate Judge, filed Findings and Recommendation on August 22, 2008. The matter is before this court. See 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Plaintiff has filed objections, and defendant has filed a response.

When either party objects to any portion of a magistrate's Findings and Recommendation concerning a dispositive motion or prisoner petition, the district court must make a *de novo* determination of that portion of the magistrate's report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982).

I note plaintiff's objection that Judge Hubel failed to include the word "or" in quoting ORS 811.375. As plaintiff points out, ORS 811.375 reads as follows:

> (1) A person commits the offense of unlawful or unsignaled change of lanes if the person is operating a vehicle upon a highway and the person changes lanes by moving to the right or left upon the highway when:
>
>   (a) The movement cannot be made with reasonable safety; **or**
>
>   (b) The driver fails to give an appropriate signal continuously during not less than the last 100 feet traveled by the vehicle before changing lanes.
>
>   . . .

This correction does not change Judge Hubel's analysis. In fact, the disjunctive "or" simply underscores Judge Hubel's conclusion that the statute punishes either moving from one lane to another in an unsafe manner, regardless of whether the driver signals, or failing to signal a lane change for at least 100 feet prior to changing lanes. Therefore, as Judge Hubel noted, the

Page 2 - ORDER

plain language of the statute does not support plaintiff's argument that changing lanes with "reasonable safety" is a defense to his unsignalled lane change.

Furthermore, as Judge Hubel pointed out, the statute under which plaintiff was charged punishes the failure to use a signal at all, whereas ORS 811.375 punishes someone who signals but does so immediately before making the lane change. Accordingly, as Judge Hubel concluded, "ORS 811.375(1)(b) and ORS 811.400(1) do not necessarily overlap[]" and therefore do not pose a discretionary enforcement problem.

Having given a *de novo* review of the issues raised in the objections to the Findings and Recommendation, I find no error other than the small addition of the word "or" to ORS 811.375(1)(a) quoted on page 10 of Judge Hubel's Findings and Recommendation.

Accordingly, I ADOPT Judge Hubel's Findings and Recommendation (#17). Defendants' Motion to Dismiss (#11) is GRANTED and plaintiff's claims are dismissed with prejudice.

Dated this 30th day of September, 2008.

Garr M. King
United States District Judge

Page 3 - ORDER